IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of | No. 87030-1-I |
| TRISHA ANN CEKIC, | |
|                 Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| NENAD CEKIC, | |
|                 Respondent. | |

HAZELRIGG, C.J. — Trisha Cekic appeals from the order entered following a bench trial that modified the final parenting plan regarding, L, her child with Nenad Cekic. Trisha[1] presents several bases on which she asserts that the trial court abused its discretion in entering the challenged order. However, due to significant procedural defects at several stages of Trisha's appeal in this matter, we do not consider the merits of her assertions. Accordingly, we affirm.

FACTS

In March 2014, Trisha and Nenad were married and, later in the year, had a child together, L. In February 2018, Trisha filed a petition for dissolution of the marriage in Snohomish County Superior Court. L was three years old at the time.

In October 2018, the trial court issued its final dissolution decree along with several orders, including its findings and conclusions about the parties' marriage

---

[1] Because the parties share the same last name, we use their first names for clarity. No disrespect is intended.

and its final parenting plan for L. As relevant here, the October 2018 parenting plan provided that Trisha and Nenad would share major decision-making regarding L, designated Trisha as L's primary custodial parent, and L would primarily reside with Trisha, except for residing with Nenad for one day per week and on alternating weekends.

More than two years later, in early 2021, Trisha filed, and later amended, a petition to modify the parties' final parenting plan that sought to, among other things, designate herself as the sole decision-maker with regard to L and suspend Nenad's residential time with L. Trisha argued that adequate cause existed to justify such a modification in light of her allegation that L had "reported sexual abuse purported by the Father and has reported this to a school counselor, and Doctor." She also requested a temporary restraining order protecting L from Nenad.

The court granted Trisha's request for a restraining order and entered one that remained in place until a hearing on the matter in late April 2021. Nenad responded to the petition by denying that he had sexually abused L and instead asserting that Trisha was "manipulating [L] into saying these false allegations."

The trial court issued its oral rulings at the conclusion of the hearing, which it later memorialized in several written orders entered in July. In an order entitled "Temporary Family Law Order," the court found that there was adequate cause to modify the parenting plan "based on the child's disclosures to independent individuals of sexual abuse" by Nenad. The court temporarily restricted Nenad's parenting schedule with L, limiting him to supervised residential visits twice per

week for no more than three hours each visit and monitored video calls twice per week for no more than 30 minutes, and the court maintained certain of the temporary restraining order's terms entered against Nenad.

The court also appointed a guardian ad litem (GAL) to investigate and file a report on "[a]ll issues related to making a parenting plan for this child. Sexual abuse allegations made by the child against [Nenad]. Any other issues discovered that could affect the safety of the child. Allegation that Mother is coaching the child."

In May 2022, the GAL indicated that she had completed her investigation. Following her interview of ten individuals and review of the parties' marital dissolution case file, certain completed questionnaires, and the parties' records with the state Department of Children, Youth, and Families, the GAL recommended, as relevant here, that "the parties resume following their previously entered [October 2018] final parenting plan. The father's residential time need not be supervised."

Almost two years later, on January 11, 2024, Nenad filed separate, later-consolidated motions for contempt, alleging that Trisha enabled her boyfriend Tristan Smith's interference with Nenad's custody and visitation of L, used coercive control over L, changed residences without complying with the relocation provision of the final parenting plan, denied him communication with L, and committed "ongoing custody and parental inference."[2] Also during this time, Nenad filed a motion for a temporary family law order regarding L, including a restraining order

---

[2] Trisha obtained legal counsel for the limited purpose of representing her for the proceedings on Nenad's contempt motion.

against Smith, based on Nenad's allegation that Smith, with whom Trisha and L had been residing, had been previously convicted of committing a violent crime.[3] He alleged that due to problems with Trisha and her relationship with Smith that were not in L's best interest, Trisha's contact with L should be limited, he should be L's sole decision maker and primary custodial parent, and L should reside primarily with him.

In early February, following a hearing on Nenad's motions, a superior court commissioner entered an order finding Trisha in contempt of the July 2021 temporary parenting plan. The court found that on four separate incidents in 2023 and early 2024 (L's birthday, "Serbian Christmas and New Year," and Father's Day), Trisha acted in bad faith in not following the parenting schedule despite having the ability to do so. The court also entered an order setting forth the following rulings:

> The court denies request for finding of parental alienation or coercive control. The court denies the request to adopt GAL recommendations into a final parenting plan. Court denies request to reappoint GAL. Court denies request to enter a restraining order against Tristan Smith. Court denies request to adopt a modified or different parenting plan at this time. [L] will have telephone contact on Tuesdays and Thursdays at 7:00pm with Father. Calls will last at least 30 minutes in duration. [L] will have one 6 hour visit in person each week. All calls and visits will be unsupervised. Mr. Tristan Smith will not be present for exchanges. Each party will select a third party to effectuate transportation for residential exchanges to preclude contact or conflict between the parties. The court reserves on the request for fees made outside of the contempt proceedings. No interference with calls or visits or disparagement of either parent by any party or 3rd party. Neither party will remove the child from WA State or disturb the peace of the other. In person visits will be from 10am-4pm and commence on February 10, 2024. 2nd in

---

[3] Nenad also filed a motion requesting that the court adopt the GAL recommendations into a final parenting plan and a motion requesting that the court reappoint a GAL.

person visit [sic] on February 18, 2024. In person visits will then alternate each weekend day.

At the hearing, the court noted that if the parties wished to have a trial on the issue of their requests to modify the parenting plan, they could set the case for trial. Nenad later filed a notice for trial.

Five months later, on July 2, the court held a one-day bench trial on Nenad's motion for contempt and the parties' motions for modification of the October 2018 final parenting plan.[4] At that trial, Trisha appeared pro se and Nenad appeared with counsel. The court admitted 11 of Nenad's exhibits, each party presented opening statements, Trisha and Nenad each testified in their individual capacities and were subject to direct, cross, and redirect examination, and they each provided closing arguments to the court.[5] Then, on July 15, the court issued its oral rulings over a period of roughly 45 minutes.

Later that day, the court entered several written orders, one granting Nenad's motion to find Trisha in contempt, for the second time, and another granting his petition for a major modification of the court's October 2018 final parenting plan.[6] The court found that there had been either a "substantial change in the children's situation or in the situation of the parent who did not request the

---

[4] We note from the statements of arrangements filed in this case, that it appears appellate counsel for Trisha had initially designated the verbatim report of proceedings from both the July 2, 2024 and July 15, 2024 trial dates for our review. Subsequently, however, in amended statements of arrangements, appellate counsel appears to have elected to not designate the reports from those days for the record on appeal.

[5] Trisha's appellate counsel also did not designate for our review the exhibits admitted at trial.

[6] In summarizing the court's ruling on Nenad's 2024 motion for contempt for Trisha's April 2024 violation, presumably of the court's February 2024 order, we rely on the recitation of the court's ruling as set forth in the trial minutes that have been designated for our review. This is due to Trisha's decision not to include the report of proceedings from July 15, 2024 in her amended statement of arrangements. We note that Trisha neither appealed these rulings nor, if they were reduced to a written order, designated such an order for our review.

major change" and attributed the substantial change to Trisha's "numerous residence changes & school changes without notifying the father & moving in with a convict recently out of prison for a violent crime." The court set forth its overarching reasons for approving a major modification to the parenting plan as follows:

> The children's current living situation is harmful to their physical mental, or emotional health. It would be better for the situation to change the order.
> ☒ The other parent has not followed the court's order. A court found they are in contempt for disobeying the parenting schedule more than once in 3 years.

In the parenting plan entered after trial, the court found, pursuant to the criteria set out in RCW 26.09.191, that Trisha's time with L should be limited because she "has a long-term problem with drugs, alcohol, or other substances that gets in the way of [her] ability to parent," "uses conflict in a way that may cause serious damage to the psychological development of [L]," and "has kept the other parent away from [L] for a long time, without good reason." The July 2024 parenting plan further ordered, among other things, that Nenad had sole decision-making authority over L, L was to reside with Nenad as L's primary residence, and Trisha's contact with L was to be limited and supervised.

Trisha retained appellate counsel and timely appealed.

## ANALYSIS

Trisha asserts that the trial court erred when it ordered a major modification to the October 2018 parenting plan and entered the July 2024 parenting plan.

However, significant procedural defects in the presentation of Trisha's appeal preclude appellate relief.

I.      Scope of Appeal

As an initial matter, Trisha's opening brief assigns error to the trial court's order on a major modification to the residential schedule contained in the parenting plan and specifically alleges that Nenad did not establish a substantial change in circumstances to warrant a major modification and the court erred in its evaluation of L's best interests.  However, those conclusions of the trial court are contained in the July 15, 2024 "Final Order and Findings on Petition to Change a Parenting Plan."  The only order designated in Trisha's notice of appeal is the July 15, 2024 "Parenting Plan."

RAP 2.4(a) establishes that the "appellate court will, at the instance of the appellant, review the decision or parts of the decision *designated in the notice of appeal*."  (Emphasis added.)  While there is an exception under RAP 2.4(b) that would allow us to "review a trial court order or ruling not designated in the notice . . . if (1) the order or ruling prejudicially affects the decision designated in the notice," Trisha's brief does not acknowledge this procedural deficiency of her appeal, much less offer any argument as to how the final order and findings on Nenad's petition for a major modification prejudicially affect the only order that she designated for review such that we should apply the exception.  Accordingly, these assignments of error fall outside the scope of appeal as determined by Trisha's own notice and designation.   However, consistent with RAP 1.2(a), which directs liberal interpretation of our rules, we exercise our discretion and endeavor to address the

merits of Trisha's arguments as to the order and findings on the petition for a major modification to the extent we are able given the other procedural deficiencies presented in this appeal.

II.    Failure To Designate Evidence Presented at Trial

We next consider Trisha's appellate counsel's election to not designate the relevant portions of the trial record for our review and its impact on her ability to challenge the trial court's order granting a major modification and the July 2024 parenting plan.

We review a trial court's entry of a parenting plan for abuse of discretion. *In re Marriage of Chandola*, 180 Wn.2d 632, 642, 327 P.3d 644 (2014). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *Id.*

A party appealing from an order of the trial court must comply with the rules of appellate procedure and perfect the record on appeal "so the reviewing court has before it all the evidence relevant to deciding the issues." *Rhinevault v. Rhinevault*, 91 Wn. App. 688, 692, 959 P.2d 687 (1998). A party assigning error to a trial court order has the burden of providing a sufficient record to review the issues raised by the party on appeal. RAP 9.2(b); RAP 9.6; *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); *Story v. Shelter Bay Co.*, 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

Here, in July 2024, the trial court held a bench trial in which it heard argument, took testimony from both parties, and admitted exhibits. The court then issued a parenting plan which is the subject of Trisha's appeal here, along with the

order granting Nenad's petition for a major modification. Only one of Trisha's three assignments of error goes to the parenting plan; the majority of her challenges go to the order she failed to designate in her notice of appeal. Toward that end, she asserts that the trial court abused its discretion when it found a substantial change in the parties' circumstances justifying a modification to the residential schedule and decision making on behalf of L set out in the parties' parenting plan and determined that such a modification was in L's best interest. With regard to the parenting plan she did designate for appeal, Trisha contends the court erred in issuing an order that was unfair and inequitable to her.

As discussed, *infra*, Trisha's appellate counsel has failed to carry the threshold burden of providing a sufficient record to review the issues that Trisha raises on appeal. Although her counsel designated the court's July 2024 final parenting plan in her August 12, 2024 notice of appeal, her counsel neither designated the order that authorized the new parenting plan nor, in any of her three statements of arrangements filed with this court, did they designate the verbatim report of proceedings from the bench trial or the exhibits introduced and admitted therein. Therefore, we do not have before us the evidence on which the court relied when it issued the orders Trisha challenges on appeal, a transcript reflecting whether the court took judicial notice of other records in the file, or a transcript of the court's inquiries, reasoning, and rulings on which it relied in issuing that order.[7]

---

[7] We acknowledge that Trisha's counsel included, among the clerk's papers designated for appeal, the list of exhibits filed with the trial court on July 2. However, her appellate briefing does not attempt to identify which of these exhibits corresponded to any of the 1,600 pages of clerk's papers submitted by appellate counsel in this case.

This is fatal to Trisha's appeal because she asserts that certain of the trial court's rulings underlying its findings and order on major modification and the final parenting plan reflect an abuse of discretion. However, absent the evidence on which the trial court relied to make its decision and a transcript of the court's rulings in which the court's reasoning could be found, we cannot consider how, or whether, the court exercised its discretion as to the challenged rulings. We therefore do not have an adequate record before us to review Trisha's contentions. Thus, her counsel has failed to carry the burden of providing a sufficient record to review the issues that she raises on appeal. *See* RAP 9.2(b); RAP 9.6; *Haugh*, 58 Wn. App. at 6; *Story*, 52 Wn. App. at 345. For this reason, we decline to consider her contentions.

III.    Failure To Present Adequate Appellate Briefing

Nevertheless, even if her counsel had properly perfected the record for appellate review, her counsel's appellate briefing does not allow for adequate review of the merits of Trisha's contentions. Our rules of appellate procedure set forth that an appellant's brief,

> should contain under appropriate headings and in the order here indicated:
> . . . .
> (4) *Assignments of Error.* A separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error.
> . . . .
> (6) *Argument.* The argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record. The argument may be preceded by a summary. The court ordinarily encourages a concise statement of the standard of review as to each issue.
> . . . .

> **(g) Special Provision for Assignments of Error.** . . . A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number. The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto.

RAP 10.3(a).[8] Thus, to challenge a trial court's finding of fact on appeal, counsel must present "argument as to why specific findings of the trial court are not supported by the evidence and to cite to the record to support that argument." *In re Est. of Lint*, 135 Wn.2d 518, 532, 957 P.2d 755 (1998). Unchallenged findings of fact are verities on appeal. *In re Marriage of Rounds*, 4 Wn. App. 2d 801, 804, 423 P.3d 895 (2018). When findings of facts are verities on appeal, our review is limited to determining whether the findings support the trial court's conclusions of law and judgment. *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 323, 623 P.2d 702 (1981).

Moreover, we do not consider conclusory arguments unsupported by citation to legal authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.3d 549 (1992). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2013). Thus, "inadequate briefing to this court does a disservice to the client, as the court may decline to consider a party's arguments as a result." *Desranleau v. Hyland's, Inc.*, 26 Wn. App. 2d 418, 436-37 n.13, 527 P.3d 1160, *review denied,* 1 Wn.3d 1030 (2023).

---

[8] The intended purpose of RAP 10.3(g) "is to add order to and expedite appellate procedure by eliminating the laborious task of searching through the record for such matters as findings claimed to have been made in error." *In re Marriage of Stern*, 57 Wn. App. 707, 710, 789 P.2d 807 (1990).

Again, Trisha contends that the court abused its discretion in determining that there was a substantial change in the parties' circumstances justifying a modification to either the residential schedule or decision making on behalf or L, in determining that such a modification was in L's best interest, and ultimately in the issuance of parenting plan that was unfair and inequitable to her. Critically, the appellate briefing submitted by Trisha's counsel did not separately assign error to any of the factual findings that were allegedly improperly made by the court in issuing its order on a major modification. Given that no such assignment of error was made, the trial court's findings are verities on appeal, and our review is limited to determining whether the findings support the trial court's conclusions of law and judgment.[9]

However, Trisha's appellate briefing prepared by her counsel does not present adequate legal analysis of the issues sought to be raised on appeal. As discussed, *infra*, her briefing does not cite to legal or decisional authority supporting a conclusion of trial court error, reference the record that was before the trial court during the bench trial, or otherwise present persuasive argument in support of legal error on the part of the trial court.[10]

For instance, in challenging the basis for the court's order finding a substantial change in the parties' circumstances warranting a major modification to the parenting plan, Trisha's counsel either presents unsubstantiated statements

---

[9] We also note that her counsel has not assigned error to the court's orders finding her in contempt in February 2024 and again in July 2024. Therefore, the facts underlying these orders are also verities on appeal. *See Rounds*, 4 Wn. App. 2d at 804.

[10] Although her reply brief does cite to decisional authority, this is in response to the caselaw cited by Nenad, in his pro se appellate briefing. We do not find Trisha's counsel's analysis of this decisional authority persuasive.

without citation to the record or relies on declarations placed into the case file by the parties in 2021 without establishing that such evidence was presented to, and relied on by, the trial court at the bench trial in this matter.[11]  Similarly, with regard to her challenge to the court's determination that a modification to the final parenting plan was in L's best interest, her appellate counsel's briefing again references the pretrial record without establishing that such documentation was properly before, or considered by, the court at trial and otherwise presents statements unsupported by reference to the record or citation to legal authority.[12]

Next, in challenging the trial court's determination to grant Nenad sole decision-making authority, Trisha's opening brief provides only what appears to be a paragraph summation of the court's ruling, nothing more.  This is plainly insufficient to establish reversible error.[13]  Lastly, in asserting that the "Court Entered a Parenting Plan that is Not Fair and Equitable," Trisha's appellate counsel does not present citation to any legal authority or any citation to the record in this matter.  Thus, due to multiple compounding procedural defects, we cannot properly

---

[11] Furthermore, in challenging the portion of the court's order predicated on having held her in contempt on multiple occasions for noncompliance with the temporary parenting plan, her appellate counsel neither acknowledged the existence of these orders nor designated the court's July 2025 findings and order on major modification for our review.  *See* RAP 9.2(b), 9.6; *Haugh*, 58 Wn. App. at 6; *Story*, 52 Wn. App. at 345.  Therefore, we also decline to consider her challenge to the court's ruling based on its having twice found her in contempt.

[12] Additionally, to the extent that she is challenging the court's weighing of the factors relevant to a determination of the residential placement of a child, *see* RCW 26.09.187(3), her counsel does not assert that the court failed to weigh the relevant factors and, because her counsel did not designate the report of proceedings from the July 2025 hearing for our review, we cannot determine whether such a weighing occurred or whether the court abused its discretion in so doing.

[13] We also note that in an attempt to supplement the foregoing paragraph, her reply brief contains several pages of argumentation on this issue, which her counsel raises for the first time in reply.  However, because, "[a] reply brief should . . . be limited to a response to the issues in the brief to which the reply brief is directed," RAP 10.3(c), and because raising an issue for the first time in reply unfairly prevents a respondent from presenting argument on the issue, "[w]e do not address matters raised for the first time in reply briefs."  *Samra v. Singh*, 15 Wn. App. 2d 823, 834 n.30, 479 P.3d 713 (2020).  Thus, we decline to consider these new arguments in her reply brief.

No. 87030-1-I/14

address Trisha's challenges on appeal.  Accordingly, we must decline to consider her contentions in this matter.

Affirmed.

WE CONCUR:

Birk, J.

Chung, J.